IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MARK CHAMBERS,
   Plaintiff,
  v.

REAL TIME RESOLUTIONS, INC.
A Texas corporation
   Defendant.

CIVIL ACTION FILE
NO. 1:17-CV-5256-TWT

OPINION AND ORDER

This is an action seeking injunctive relief and damages arising out of a foreclosure proceeding. It is before the Court on the Defendant Real Time Resolutions, Inc.'s Motion for Summary Judgment [Doc. 31]. For the reasons set forth below, the Defendant's Motion for Summary Judgment is GRANTED.

I. Background

This case arises out of a dispute concerning a home equity loan secured by real property located at 2255 Blackheath Terrace, Alpharetta, Georgia 30005-6982.[1] On or about November 15, 2005, Plaintiff Mark Chambers obtained a home equity loan from Countrywide Home Loans.[2] On November 28, 2005, the Plaintiff and non-party Jacqueline Chambers executed a deed to secure debt

---

    [1]    Def.'s Statement of Material Facts ¶¶ 1-2 [Doc. 32].

    [2]    *Id.* ¶ 2.

conveying 2255 Blackheath Terrace to a nominee for Countrywide Bank, N.A.[3] The deed was duly recorded in the Deed Book of Fulton County, Georgia.[4] Countrywide Home Loans serviced the loan until it was assigned to Defendant Real Time Resolutions on April 27, 2010.[5] The Plaintiff alleges that at some point in 2008 the home equity loan was converted into a "predatory loan."[6] The Plaintiff further alleges that payments that he made on the loan were not properly accounted for, resulting in a loan balance far exceeding the amount originally owed.[7] At some point in 2017, Defendant Real Time Resolutions moved to foreclose on the property.[8]

The Plaintiff subsequently filed this lawsuit seeking to enjoin the sale and to secure other equitable and monetary relief. The Plaintiff joined Countrywide Home Loans, Bank of America Corporation, and Real Time Resolutions as defendants and alleged that these entities had violated state and federal law.[9]

---

[3] *Id.* ¶ 3.

[4] *Id.*

[5] *Id.* ¶ 6; Compl. ¶¶ 18-20 [Doc 1].

[6] Compl. ¶ 18. To corroborate this claim, the Plaintiff attached to his Complaint a copy of a Loan Modification Agreement dated June 13, 2008. [Doc. 1, Ex. 3]. The Agreement is signed by the Plaintiff and Countrywide Home Loans and appears to have increased the principal balance of the loan.

[7] Compl. ¶¶ 18-22.

[8] Compl. ¶ 23.

[9] Bank of America Corporation was joined as a defendant because, according to the Plaintiff, Bank of America purchased Countrywide Home Loans

First, the Plaintiff alleged that the Defendants violated the Real Estate Settlement Procedures Act and its implementing regulations by providing incomplete information in response to the Plaintiff's qualified written requests regarding the Plaintiff's loan.[10] Second, the Plaintiff alleged that the Defendants violated the Securities Exchange Act of 1934 by failing to keep accurate records of the payments that Plaintiff made on his loan.[11] Third, the Plaintiff alleged that the Defendants violated the Fair Debt Collection Practices Act by falsely representing the amount of the Plaintiff's debt and by seeking to recover the debt by improper methods.[12] In addition to the federal causes of action, the Plaintiff brought state law claims for fraud and for equitable accounting.[13]

The foreclosure sale was canceled prior to a hearing on the Plaintiff's request for a temporary restraining order. This Court subsequently granted the Motion to Dismiss filed by Defendants Countrywide Home Loans and Bank of America Corporation but denied the Motion to Dismiss filed by Defendant Real

---

in 2008. *Id.* ¶ 19.

[10] *Id.* ¶¶ 24-34, 59-64. The Plaintiff lists the violations of the Real Estate Settlement Procedures Act and 12 CFR § 1024.36 (which explains the procedures under the Act for responding to requests for information from borrowers) as separate causes of action in his Complaint.

[11] *Id.* ¶¶ 40-44.

[12] *Id.* ¶¶ 55-58.

[13] *Id.* ¶¶ 35-39, 45-54.

Time Resolutions.[14] Defendant Real Time Resolutions now moves for summary judgment on all claims against it.

## II. Legal Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.[15] The court should view the evidence and any inferences that may be drawn in the light most favorable to the nonmovant.[16] The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact.[17] The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact exists.[18]

For issues on which it does not bear the burden of proof at trial, the movant may satisfy its burden in one of two ways. First, it can put forward "affirmative evidence demonstrating that the [non-movant] will be unable to

---

[14] This Court initially dismissed the claims against Bank of America and Countrywide Loans without prejudice on the condition that the Plaintiff file an amended complaint within fourteen days of the Dismissal Order [Doc. 23]. This Court subsequently dismissed the claims with prejudice after the Plaintiff did not file an amended complaint. [Doc. 25].

[15] Fed R. Civ. P. 56(c).

[16] *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970).

[17] *Celotex Corp. V. Catrett*, 477 U.S. 317, 323-24 (1986).

[18] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).

prove its case at trial."[19] Second, it can "point[] out to the district court that there is an absence of evidence to support the [non-movant's] case."[20] If the movant takes the former approach, the nonmovant must respond with "evidence sufficient to withstand a directed verdict at trial on the material fact sought to be negated."[21] If the latter, the nonmovant must either identify evidence "ignored or overlooked" by the movant or must come forward with evidence "sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency."[22]

### III. Discussion

The Plaintiff has not responded to the Defendant's Motion for Summary Judgment. Indeed, the Plaintiff has not submitted a filing in this case since responding to the Defendants' Motions to Dismiss on January 29, 2018.[23] The Plaintiff did not respond to the Defendant's repeated attempts to schedule a

---

[19] *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1116 (11th Cir. 1993) (citing *Four Parcels of Real Property*, 941 F.2d 1428, 1437 (11th Cir. 1991) (en banc)).

[20] *Id.*

[21] *Id.*

[22] *Id.* (citing *Celotex*, 477 U.S. at 332 (Brennan, J., dissenting); Melissa L. Nelkin, *One Step Forward, Two Steps Back: Summary Judgment After Celotex*, HASTINGS L.J., 53, 82-83 (1988)).

[23] Pl.'s Resp. to Defs. Bank of America and Countrywide Loans Mot. to Dismiss [Docs. 18]; Pl.'s Resp. to Def. Real Time Resolutions' Mot. to Dismiss [Doc. 19].

Rule 26(f) conference.[24] The Plaintiff has not responded to the Defendant's subsequent discovery requests.[25] Nor does the Plaintiff appear to have requested any discovery from the Defendant during the discovery period set by this Court in its Scheduling Order.[26] The Defendant filed its Motion for Summary Judgment on July 25, 2018.[27] The following day, this Court mailed the Plaintiff a Notice advising him that he had 21 days in which to respond to the motion.[28] This Court has thus far received no briefing or communication of any kind from the Plaintiff. Therefore, the Defendant's motion stands unopposed before this Court.

The Defendant is not entitled to summary judgment solely because its motion is unopposed.[29] The Court must reach the merits of the motion to determine whether the Defendant has met its initial burden of demonstrating

---

[24] Def.'s Notice Regarding Rule 26(f) Discovery Conference [Doc. 27].

[25] Def.'s Br. in Supp. of Mot. for Summ. J., at 8 [Doc. 31-1].

[26] [Doc. 28]. This Court mailed a copy of the Scheduling Order to the Plaintiff on the date that it was entered: May 15, 2018. The discovery period ended on September 24, 2018.

[27] Def.'s Mot. for Summ. J. [Doc. 31].

[28] Notice to Respond to Summary Judgment Motion [Doc. 34].

[29] *United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004) ("[T]he district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but rather, must consider the merits of the motion.").

the absence of any genuine issue of material fact.[30] In determining whether the Defendant has met its burden, the Court must at minimum review the evidentiary materials submitted in support of the motion.[31] The Court is not obligated, however, to scour the record for contradictory evidence or to "conjure" up arguments with which the Plaintiff might have responded.[32]

With these principles in mind, this Court now turns to the merits of the Defendant's motion. The Defendant seeks to show by affirmative evidence that the Plaintiff will be unable to prevail at trial. The evidence submitted in support of the Defendant's motion consists almost entirely of an unanswered Request for Admissions that the Defendant served on the Plaintiff on May 31, 2018.[33] The general rule is that requests for admission are deemed admitted if not answered within 30 days, and the admitted facts are "conclusively established" barring

---

[30] *Reese v. Herbert*, 527 F.3d 1253, 1268–69 (11th Cir. 2008); *One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d at 1101-1102.

[31] *One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d at 1101-1102.

[32] *Phillips v. Washington Grp. Int'l, Inc.*, No. 1:09-CV-00431-HGD, 2010 WL 11561237, at *2 (N.D. Ala. Sept. 29, 2010) (quoting *Pinto v. Universidad De Puerto Rico*, 895 F.2d 18, 19 (1st Cir. 1990)); *Reese v. Herbert*, 527 F.3d at 1267 (holding that the "proper course" when presented with an unopposed motion for summary judgment is to disregard contradictory evidence that should have been included in the movant's statement of material facts); *One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d at 1101 ("The district court need not sua sponte review all of the evidentiary materials on file at the time the motion is granted, but must ensure that the motion itself is supported by evidentiary materials.").

[33] Def.'s First Requests for Admissions [Doc. 33].

some action of the court.[34] Perhaps sensing an opportunity in the Plaintiff's unresponsiveness, the Defendant requested that the Plaintiff admit to a series of damaging "facts" that directly contradict the allegations made in the Complaint. For example, the Defendant requested that the Plaintiff admit that the "Defendant has not violated any provision of" the Federal Debt Collection Practices Act or the Real Estate Settlement Procedures Act; that the "Defendant has fully and properly accounted for any and all payments made by" the Plaintiff; that the Plaintiff "has suffered no damages arising out of or resulting from any actions or inactions of" the Defendant; and that the Plaintiff "can produce no evidence to support any of [the Plaintiff's] claims asserted against Defendant in the Complaint and/or the Lawsuit."[35] The Plaintiff has failed to respond to any of these requests. Aside from a few documents establishing background facts about the security deed, these admissions serve as the sole evidentiary support for the Defendant's Statement of Material Facts and, by extension, the Motion for Summary Judgment as a whole.

Relying principally on these admissions, the Defendant argues that summary judgment is warranted with regard to each of the Plaintiff's claims because the Plaintiff has constructively admitted that he has no case. But the Defendant's reliance on these admissions is misplaced. The majority of the

---

[34] *United States v. 2204 Barbara Lane*, 960 F.2d 126, 129 (11th Cir. 1992) (citing Federal Rule of Civil Procedure 36).

[35] *Id.,* at 11, 12, 13, 14, 32.

Defendant's requests either call for legal conclusions or seek admissions regarding "central facts in dispute."[36] Such requests are beyond the scope of Federal Rule of Civil Procedure 36 and the Plaintiff is not deemed to have admitted to them.[37] These improper admissions serve as the foundation of the Defendant's motion.

Nevertheless, the Defendant is entitled to summary judgment. A movant that fails to present affirmative evidence negating the non-movant's case can still prevail by "point[ing] out" to the Court that there is an absence of evidence to support the non-movant's case.[38] It is debatable whether the Defendant's briefing in fact "points out" the absence of evidence to this Court. But it is an inescapable fact that the Plaintiff has not participated in the discovery phase of this litigation whatsoever. The Plaintiff has not put forward any evidence to support a prima facie case for any of his state or federal claims, and the allegations in the Plaintiff's Complaint will not suffice as evidence contradicting

---

[36] *Pickens v. Equitable Life Assur. Soc. of U. S.*, 413 F.2d 1390, 1393 (5th Cir. 1969).

[37] *In re Kemper Ins. Companies*, No. CIV.A.1:02CV1198-GET, 2003 WL 25672797, at *2 (N.D. Ga. June 17, 2003) ("Rule 36 is not intended to establish facts which are obviously in dispute or to answer questions of law."); *Border Collie Rescue, Inc. v. Ryan*, 418 F. Supp. 2d 1339 n.6 (M.D. Fla. 2006) (requests for admissions that call for legal conclusions or "capture the essence of an entire claim" are improper) (citing *Perez v. Miami-Dade County*, 297 F.3d 1255, 1261 n.12 (11th Cir. 2002)).

[38] *Fitzpatrick*, 2 F.3d at 1116 (citations omitted); *see also Jones v. Wells Fargo Principal Lending, LLC*, No. CV 616-129, 2018 WL 1913527, at *2 (S.D. Ga. Apr. 23, 2018).

the Defendant's motion.[39] In short, there is nothing in the record to establish a genuine issue of fact to be tried. Therefore, this Court finds that summary judgment is warranted with respect to all claims against the Defendant.[40]

### IV. Conclusion

For the foregoing reasons, the Defendant Real Time Resolutions, Inc.'s Motion for Summary Judgment [Doc. 31] is GRANTED.

SO ORDERED, this 19 day of October, 2018.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge

---

[39] *See Williams v. Aircraft Workers Worldwide, Inc.*, 832 F. Supp. 2d 1347, 1354 (S.D. Ala. 2011); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986) (holding that non-moving parties must go beyond the pleadings to prove that a genuine issue of material fact exists).

[40] Because this Court finds that summary judgment is warranted based on the absence of any evidence to support the Plaintiff's claims, this Court does not reach the question of whether the reporting provisions of the Securities Exchange Commission Act of 1934, codified at 15 U.S.C. § 78m, give rise to a private cause of action.